1

2

3

4

5

6

7

8                      United States District Court

9                     Eastern District of California

10

11

12  Marcelino Calderon Silva,

13          Plaintiff,                    No. Civ. S 01-0024 LKK PAN P

14      vs.                               Findings and Recommendations

15  Rosanne Campbell, et al.,

16          Defendants.

17                              -oOo-

18      Plaintiff claims defendant Acuna retaliated against him for

19  pursuing grievances and lawsuits by affirming a July 13, 2000,

20  order to place plaintiff in administrative segregation on drug

21  charges and that Campbell retaliated against him by retaining him

22  in administrative segregation on fabricated drug charges.

23  Defendants move to dismiss upon the ground plaintiff failed to

24  exhaust available administrative remedies.

25      On a motion to dismiss for failure to exhaust administrative

26  remedies, the court may look beyond the pleadings and decide

1  disputed facts.  <u>Wyatt v. Terhune</u>, 315 F.3d 1108 (9th Cir. 2002).

2  Pursuant to 42 U.S.C. § 1997e(a), a prisoner may bring no section

3  1983 action until he has exhausted such administrative

4  remedies as are available.  The requirement is mandatory.  <u>Booth</u>

5  <u>v. Churner</u>, 532 U.S. 731, 741 (2001).  The administrative remedy

6  must be exhausted before suit is brought and a prisoner is not

7  entitled to a stay of judicial proceedings in order to exhaust.

8  <u>McKinney v. Carey</u>, 311 F.3d 1198 (9th Cir. 2002).  Where a

9  litigant requests leave to proceed in forma pauperis, suit

10  commences when the request is granted.  <u>See</u> 28 U.S.C.

11  § 1915(a)(1) (court may "authorize commencement" of suit without

12  prepayment of filing fee for person demonstrating inability to

13  pay).

14      California prisoners may appeal "any departmental decision,

15  action, condition, or policy which they can demonstrate as having

16  an adverse effect upon their welfare."  15 Cal. Admin. Code

17  § 3084.1(a).  The regulations require the use of specific forms

18  upon which the prisoner must "describe the problem and action

19  requested," but require no specific content.  15 Cal. Admin. Code

20  §§ 3084.2, 3085 (designating use of CDC Form 602 Inmate/Parolee

21  Appeal Form for all grievances except those related to

22  disabilities under the Americans with Disabilities Act, which are

23  filed on CDC Form 1824, Reasonable Modification or Accommodation

24  Request).  Prisoners ordinarily must present their allegations on

25  one informal and three formal levels of review.  15 Cal. Admin.

26  Code § 3084.5.  While presentation on the third level, the

1   Director's Level of Review, exhausts the remedy for departmental

2   purposes,  15 Cal. Admin. Code § 3084.1(a), when prisoners cannot

3   present their allegations on any subsequent level, they have

4   exhausted available remedies for purposes of 42 U.S.C.

5   § 1997e(a).  <u>Ngo v. Woodford</u>, 2005 WL 674707 (9th Cir. (Cal.)).

6   Defendant has the burden of identifying the remedies that remain

7   available.  <u>Ibid.</u>  The Ninth Circuit has explained that a

8   California prisoner who correctly completes an appeal form

9   provided by prison officials provides information adequate to

10  exhaust the administrative remedy for claims arising under the

11  Americans with Disabilities Act.  <u>Butler v. Adams</u>, 397 F.3d 1181

12  (9th Cir. 2005) (error to dismiss complaint for failure to

13  identify defendants in administrative form because the form

14  provided by the prison did not require such identification).

15      Defendants contend plaintiff filed no grievances complaining

16  defendants retaliated against him by holding him in

17  administrative segregation.

18      October 5, 2000, plaintiff filed a grievance alleging that

19  July 13, 2000, Vickery arbitrarily placed him in administrative

20  segregation and prison officials held him there on a charge of

21  drug possession with no evidence.  He asserted, "The underlying

22  Appeal falls within the First Amendment to the U.S. Constitution

23  to seek the government for redress of grievances; therefore, 'no

24  reprisal shall be taken [sic] for filing an appeal.'"  Plaintiff

25  requested the evidence be analyzed for fingerprints so he could

26  present evidence of his innocence at the disciplinary hearing and

1   requested access to grievances and lawsuits filed against a

2   prison guard.

3        December 24, 2000, the appeal was denied on the first formal

4   level upon the ground it was institutional and departmental

5   policy not to conduct fingerprint analysis for disciplinary

6   procedures.  Plaintiff was informed that if the District Attorney

7   decided to prosecute, plaintiff would have an attorney and the

8   opportunity to examine the evidence.

9        January 3, 2001, plaintiff appealed to the second level of

10  review, asserting he wanted to prove his innocence through

11  documentary evidence.

12       January 25, 2001, defendant Campbell denied the appeal upon

13  the ground plaintiff's July 13, 2000, placement in administrative

14  segregation was justified by the results of field tests showing

15  the substance found in his cell was heroin or another opiate and

16  assured plaintiff the Institution Classification Committee was

17  monitoring his case.  She informed plaintiff that for security

18  reasons he must remain in administrative segregation until the

19  disciplinary proceedings concluded.  She denied plaintiff's

20  request for fingerprint analysis.

21       February 8, 2001, plaintiff appealed to the Director's Level

22  of Review alleging that retaining him in administrative

23  segregation was motivated by a desire to retaliate against him

24  for filing grievances and lawsuits and the only way he could

25  prove this was through fingerprint analysis.

26       November 6, 2001, the appeal was denied on the Director's

1 Level of Review upon the grounds plaintiff failed to support his
2 appeal with sufficient evidence, it was not CDC policy to obtain
3 fingerprint analysis for prison disciplinary proceedings and
4 plaintiff had no right to review personnel files.

5 On the form provided by prison officials, plaintiff
6 described the problem and action requested at each level of
7 review.  Defendants have not identified any remedy that remains
8 available to plaintiff.

9 Plaintiff has exhausted available administrative remedies.

10 Plaintiff's appeal was denied on the Director's Level of
11 Review January 25, 2001, and this court granted plaintiff leave
12 to proceed in forma pauperis February 28, 2001.  Accordingly,
13 plaintiff exhausted available remedies before commencing suit.

14 For these reasons, defendants' September 17, 2004, motion to
15 dismiss should be denied and defendants should be directed to
16 answer the complaint within 30 days.

17 Pursuant to the provisions of 28 U.S.C. § 636(b)(l), these
18 findings and recommendations are submitted to the United States
19 District Judge assigned to this case.  Objections may be filed
20 within 20 days of the date these findings and recommendations are
21 served.  The document should be captioned "Objections to
22 Magistrate Judge's Findings and Recommendations."  The district
23 judge may accept, reject, or modify these findings and
24 recommendations in whole or in part.

25 Dated:  June 2, 2005.

26

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

/s/ Peter A. Nowinski
PETER A. NOWINSKI
Magistrate Judge