IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARCELINO CALDERON SILVA,

      Plaintiff,                  No. CIV S-01-0024 LKK EFB P

   vs.

ROSEANNE CAMPBELL, et al.,

      Defendants.             <u>FINDINGS & RECOMMENDATIONS</u>

_____/

       Plaintiff is a state prisoner without counsel seeking relief pursuant to 42 U.S.C. § 1983.  Defendants move for judgment on the pleadings.  Plaintiff opposes.

       This action proceeds on plaintiff's April 19, 2001, first amended complaint in which plaintiff claims that defendant Acuna placed plaintiff in administrative segregation and decided to retain him there without any evidence plaintiff violated prison rules and that Campbell also decided to retain plaintiff in administrative segregation in retaliation for plaintiff's filing grievances and lawsuits.  Defendants assert they are entitled to judgment on the pleadings based upon the decision in <u>Heck v. Humphrey</u>, 512 U.S. 477, 487 (1994).

////

////

////

I.

LEGAL STANDARDS

A.  Motion for Judgment on the Pleadings

Rule 12(c) of the Federal Rules of Civil Procedure provides that,

> [a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed. R. Civ. P. 12(c). Defendants present, and the court relies on, matters outside the pleadings and so the court treats this motion as one for summary judgment.

B.  Motion for Summary Judgment

A party may move, without or without supporting affidavits, for a summary judgment and the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a)-(c).

An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the opposing party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). A fact is "material" if it affects the right to recover under applicable substantive law. Id. The moving party must submit evidence that establishes the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any'" that the moving party believes demonstrate the absence of a genuine issue of

material fact. Id. at 323. If the movant does not bear the burden of proof on an issue, the movant need only point to the absence of evidence to support the opponent's burden. To avoid summary judgment on an issue upon which the opponent bears the burden of proof, the opponent must "go beyond the pleadings and by her own affidavits, or by the "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324. The opponent's affirmative evidence must be sufficiently probative that a jury reasonably could decide the issue in favor of the opponent. Matsushita Electric Industrial Co., Inc. v. Zenith Radio Corporation, 475 U.S. 574, 588 (1986). When the conduct alleged is implausible, stronger evidence than otherwise required must be presented to defeat summary judgment. Id. at 587.

Fed. R. Civ. P. 56(e) provides that "supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Nevertheless, the Supreme Court has held that the opponent need not produce evidence in a form that would be admissible at trial in order to avoid summary judgment. Celotex, 477 U.S. at 324. Rather, the questions are (1) whether the evidence could be submitted in admissible form and (2) "if reduced to admissible evidence" would it be sufficient to carry the party's burden at trial. Id. at 327. Thus, in Fraser v. Goodale, 342 F.3d 1032 (9th Cir. 2003), objection to the opposing party's reliance upon her diary upon the ground it was hearsay was overruled because the party could testify to all the relevant portions from personal knowledge or read it into evidence as recorded recollection.

A verified complaint based on personal knowledge setting forth specific facts admissible in evidence is treated as an affidavit. Schroeder v. McDonald, 55 F.3d 454 (9th Cir. 1995); McElyea v. Babbitt, 833 F.2d 196 (9th Cir. 1987). A verified motion based on personal knowledge in opposition to a summary judgment motion setting forth facts that would be admissible in evidence also functions as an affidavit. Johnson v. Meltzer, 134 F.3d 1393 (9th

3

Cir. 1998); Jones v. Blanas, 393 F.3d 918 (9th Cir. 2004).

Defects in opposing affidavits may be waived if no motion to strike or other objection is made. Scharf v. United States Attorney General, 597 F.2d 1240 (9th Cir. 1979) (incompetent medical evidence).

On June 15, 2004, the court informed plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

II.

SUBSTANTIVE LAW

A plaintiff cannot obtain relief in a civil rights action if "judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Heck v. Humphrey, 512 U.S. 477, 487 (1994). Heck applies to civil rights actions challenging procedures used in the revocation of good time credits as a disciplinary measure. Edwards v. Balisok, 520 U.S. 641 (1997). One measure of whether a judgment necessarily would be invalidated is by determining whether success on the § 1983 claim would negate "an element of the offense of which he has been convicted." Heck, 512 U.S. at 487 n. 6.

III.

UNDISPUTED FACTS

On June 13, 2000, correctional officers found suspected contraband in plaintiff's cell. A disciplinary report for trafficking heroin was filed against plaintiff, who was placed into administrative segregation and held there until the disciplinary proceedings concluded.

On January 10, 2001, plaintiff was found guilty of trafficking heroin and as punishment lost 180 days' good time credits. On August 9, 2001, that decision was vacated and the credits were restored. Defendants' Motion, Exhibit B.

On March 14, 2004, prison officials reissued the disciplinary report, this time charging possession of a controlled substance. Defendant's Motion, Exhibit B. On February 23, 2004, the Chief Disciplinary Officer ordered the matter reheard and on April 14, 2004, plaintiff was found guilty. Defendants' Motion, Exhibit D.

## IV.
## ANALYSIS

Defendants assert that judgment in plaintiff's favor would nullify the 2004 disciplinary conviction.

Plaintiff challenges[1] decisions to place and hold him in administrative segregation in 2001 before either disciplinary hearing. The decisions were wholly independent of the process and substantive basis of the finding that plaintiff was guilty and so a determination that these decisions were retaliatory will not invalidate the 2004 disciplinary conviction. It cannot be said that a ruling in plaintiff's favor necessarily would invalidate the conviction or sentence. No reasonable jury would find in defendants' favor on this issue and so they are not entitled to judgment as a matter of law.

## V.
## RECOMMENDATION

The court hereby recommends that defendants' January 18, 2006, motion for judgment on the pleadings, construed as a motion for summary judgment, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Written objections may be filed within 14 days after being served with these findings and recommendations. The document should be captioned "Objections to Magistrate Judge's

---

[1] Defendants construe the complaint as a claim of innocence of the disciplinary conviction and as a claim defendants Acuna and Campbell "planted" the drugs in plaintiff's cell. Plaintiff asserts he is innocent and he was framed. Amended Complaint, at 8, 13. But he does not allege either Acuna or Campbell placed a controlled substance in his cell or that they participated in either disciplinary hearing.

Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 29, 2006.

\silv0024.57

*[signature]*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE